UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

JOSE PENA,

                Defendant.

08-cr-578 (JGK)

MEMORANDUM OPINION
AND ORDER

---

**JOHN G. KOELTL, District Judge:**

    The defendant was sentenced on December 12, 2019, principally to time served together with a term of five years supervised release. The defendant had committed an extremely serious narcotics offense and the sentence represented a substantial downward departure from the Guideline Sentencing Range. Now, having served approximately half his sentence, the defendant moves for an early termination of his supervised release. The Court denied a similar application in September 2021. ECF. No. 152. The defendant's probation officer takes no position on this application and the Government opposes the application. The motion is denied.

    The Court has the authority to terminate a period of supervised release at any time after the defendant has spent one year on supervised release, after considering the relevant factors under 18 U.S.C. § 3553(a), if the Court is satisfied that such action is warranted by the conduct of the defendant released "and the interests of justice." 18 U.S.C. § 3583(e)(1).

In this case, the defendant argues primarily that he should be released from supervised release because his occupation requires him to travel around the country. But there is no indication that his supervised release interferes with his occupation. All that the probation officer requires is that the defendant advise the probation officer of his travel plans and location. The defendant has not brought any issues with his probation officer or travel plans to the attention of the Court. The defendant also points to his health conditions, but there is no reason to believe that his health conditions are exacerbated by his supervised release. The defendant also points to his good conduct while on supervised release, but good conduct alone is not a reason for early termination. United States v. Rasco, No. 88-cr-817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).

The Court carefully balanced all of the relevant § 3553(a) factors when it imposed a sentence substantially below the Guideline Sentencing Range. None of those factors have changed and those factors do not indicate that a term of supervised release that is about half the one originally imposed is in the interests of justice. Therefore, the reduction in the defendant's term of supervised release is not in the interests of justice. The defendant is of course free to make subsequent applications to the Court after he has served a greater length of his supervised release.

The application for an early termination of supervised release is denied without prejudice to renewal in the future.

SO ORDERED.
Dated:   New York, New York
         June 27, 2022

_____
John G. Koeltl
United States District Judge